# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2011

No. 10-51023
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUSTAVO FACUNDO GARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2 09-CR-408-1

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gustavo Facundo Garza appeals his conviction following a jury trial for possession with the intent to distribute 100 kilograms or more of marijuana. Garza argues that the district court erred when it denied his motion to suppress the evidence, which was seized following a traffic stop. Garza argues that the traffic stop was unconstitutional because the arresting officers lacked reasonable suspicion to stop him.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When reviewing the denial of a motion to suppress, we review a district court's factual findings, including credibility determinations, for clear error and its legal conclusions de novo. *United States v. Gomez*, 623 F.3d 265, 268 (5th Cir. 2010). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted). The court may consider not only the evidence adduced at the suppression hearing but also the evidence adduced at trial, in the light most favorable to the prevailing party, which in this case is the Government. *See United States v. Raney*, 633 F.3d 385, 389 (5th Cir. 2011).

"[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). Texas Transportation Code § 545.102 provides that "[a]n operator may not turn the vehicle to move in the opposite direction when approaching a curve or the crest of a grade if the vehicle is not visible to the operator of another vehicle approaching from either direction within 500 feet."

Deputy Sheriff Marion Boyd testified that he saw Garza's truck pull over on the right hand side of the road then make a u-turn and travel back south. The Government's photographs corroborated that the curve was visible from where Boyd was stationed. Further, Chief Deputy Ricardo Rios's testimony established that Garza admitted that he made the u-turn when Rios asked Garza why he made the illegal u-turn and Garza replied that it was because he did not have a drivers's license. Thus, the district court's finding that Garza made an illegal u-turn has support in the record and is not clearly erroneous. *See Gomez*, 623 F.3d at 268. Accordingly, Garza has not shown that the district court erred when it denied his motion to suppress. *See Whren*, 517 U.S. at 810.

AFFIRMED.